**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

WALTER RAUSCH,

Plaintiff,

v.

WORLD SERIES OF GOLF, INC.,

Defendant.

2:10-cv-00412-KJD -VCF

**ORDER AND REPORT AND RECOMMENDATION**

Before the court is plaintiff Walter Rausch's Motion For Order To Show Cause Why Defendant Should Not Be Held In Contempt. (#38). Defendant did not file an Opposition. The court held a hearing on April 20, 2012. During the hearing, defense counsel David Hall renewed his Request To Withdraw As Counsel.

**Background**

On November 2, 2011, plaintiff obtained a judgment against defendant World Series of Golf, Inc. (hereinafter "WSOG"). (#27). On January 13, 2012, the plaintiff filed a motion for judgment debtor exam. (#33). Defendant filed an opposition (#34), and plaintiff did not file a reply. On January 19, 2012, defense counsel filed a motion to withdraw as counsel, asserting that counsel's contact at WSOG is leaving, and counsel no longer has authority to continue representing defendant and has been asked to withdraw. (#35).

On February 2, 2012, the court issued two orders: One denying without prejudice defense counsel's motion to withdraw (#36), and one granting in part and denying in part the plaintiff's motion for judgment debtor exam (#37). With regard to the motion to withdraw, the court held that "[w]hile it is true that judgment was entered in this action, there are several outstanding motions (#29, #30, and #33) before this court, including a motion to amend judgment filed by defendant World Series of Golf,

Inc. (#29)," and counsel has not indicated that replacement counsel has been retained. (#36). The court held that counsel could file a renewed motion to withdraw or a stipulation to substitute if defendant retained new counsel. *Id.*

With regard to the motion for judgment debtor exam, the court ordered "defendant World Series of Golf, Inc. [to] appear on February 22, 2012, at 10:00 a.m. at the offices of Esquire Las Vegas, 2300 West Sahara Avenue, Suite 770, Las Vegas, Nevada, 89102, for a debtor examination to be conducted in accordance with the provisions of NRS 21.270." (#37). The court stated that "[f]ailure to appear may result in sanctions. See NRS 21.270(3)." *Id.*

On February 17, 2012, counsel for defendant sent a letter to plaintiff's counsel stating that he is "not aware of any officers of WSOG that reside in Clark County or the State of Nevada," and that he has "not been able to procure a representative of WSOG to appear at the debtor's examination." (#38 Exhibit A). Counsel also stated that he was tying to provide advance notice so plaintiff's counsel could avoid unnecessary costs associated with hiring a court reporter or otherwise preparing for the examination. *Id.* Defense counsel also provided financial information for WSOG that he obtained through the SEC filings available to the public. *Id.*

On February 21, 2012, plaintiff's counsel called defense counsel and informed him that counsel would be proceeding with the judgment debtor exam on February 22, 2012. (#38 Affidavit of Plaintiff's Counsel). On February 22, 2012, plaintiff's counsel attempted to take the exam of defendant, but neither an agent nor a representative of WSOG appeared. *Id.* At the judgment debtor exam, plaintiff's counsel called defense counsel to allow defense counsel to make a record. (#38 Exhibit B). Defense counsel stated on the record that he was unable to procure a representative to appear at the judgment debtor exam. *Id.* Plaintiff's counsel asserted that he intended on seeking sanctions from the court for defendant's failure to appear at the judgment debtor exam. *Id.* Plaintiff filed the instant motion for order to show cause why defendant should not be held in contempt on March 21, 2012. (#38).

. . .

**<u>Motion For Order To Show Cause (#38)</u>**

**A. Argument**

Plaintiff asserts in his motion that defendant should not be permitted to ignore the court's order, and that the court should order defendant to appear before the court and "answer in civil contempt proceedings pursuant to this [c]ourt's power to hold the [d]efendant in contempt." *Id.* Plaintiff argues that defendant had "ample opportunity to comply with this [c]ourt's order," and that defendant's disregard resulted in "a waste of this [c]ourt's and [p]laintiff's counsel's time and resources." *Id.* The plaintiff asserts that not only should defendant be required to appear before the court in contempt proceedings, but that the court should order defendant to produce someone for the judgment debtor examination who can answer questions regarding its financial condition. *Id.* Plaintiff also asserts that if the court finds defendant in contempt, that defendant should be ordered to "pay a monetary sanction in an amount sufficient to preclude any further willful noncompliance along with plaintiff's reasonable attorney's fees and expenses in bringing this [m]otion." *Id.*

**B. Relevant Law**

"A judgment debtor who is regularly served with an order issued pursuant to this section, and who fails to appear at the time and place specified in the order, may be punished for contempt by the judge issuing the order." NRS 21.270(3). Pursuant to 18 U.S.C. § 401(3), "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as– [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." If a moving party seeks an order of contempt from the court, they have the burden to establish that (1) the respondent violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).

Pursuant to 28 U.S.C. §636(e), this court does not have the authority to enter an order of contempt. Rather, as the parties have not consented to the magistrate judge presiding over all

proceedings in this action, only the district judge has the authority to enter a finding of contempt. *See* 8 U.S.C. §636© and (e)(4). Under §636(e)(6)(B)(ii) and (iii), if "the act that constitutes criminal contempt occurs outside the presence of the magistrate judge," or "the act constitutes civil contempt," "the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question..., an order requiring such person to appear before a district judge upon a day certain to show cause why that person would not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. §636(e)(6)(B)(ii) and (iii). Upon such a certification, the "district judge shall thereupon hear the evidence as to the act or conduct complained of, and if it is such as to warrant punishment," the district judge may punish such person. *Id.*

"Civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994). Criminal contempt is more punitive, and is a means to vindicate the authority of the court. *Id* at 828. A "flat, unconditional fine...announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance." *Id.* at 829(internal quotation marks omitted).

**C. Discussion**

The court hereby certifies that the acts as described in this order constituting contempt have occurred. 28 U.S.C. 636(e)(6)(B)(ii) and (iii). The court ordered defendant to appear at the judgment debtor exam on February 22, 2012. (#37). On February 2, 2012, at 4:10 p.m., defense counsel received notice of the order requiring defendant to appear. *Id.* Defense counsel attempted to contact a representative of WSOG and was unable to procure an agent or representative. (#38 Exhibit A). Defendant failed to appear at the judgment debtor exam on February 22, 2012. (#38 Exhibit B). Defendant did not attempt to appear or reschedule the judgment debtor exam, and therefore violated the court's order beyond substantial compliance. *Bright*, 596 F.3d at 694. The order was clear regarding

the requirement for defendant to appear on February 22, 2012, and no reasonable person could interpret the order as stating otherwise. *Id.* The evidence presented by plaintiff's counsel is clear and convincing, and defendant has not filed an opposition in an attempt to rebut or call into question the evidence presented. *Id.* Thus, plaintiff has met his burden of establishing that acts constituting contempt have occurred, and the court certifies these facts to the District Judge and schedules a hearing before the District Judge for April 26, 2012, at 9:00 a.m. pursuant to 28 U.S.C § 636(e)(6)(ii) and (iii). *Id.*

The court recommends that the District Judge find the defendant in criminal contempt, and sanction defendant $2,000 for its failure to obey the court's order (#37). *International Union, United Mine Workers of America*, 512 U.S. 828-29. The court also recommends that the District Judge order plaintiff to schedule the judgment debtor exam to occur at The Lloyd D. George Courthouse in a courtroom to be determined at a date and time certain on or before May 10, 2012, and order the defendant to appear. The court also recommends that, if defendant fails to appear at the judgment debtor exam, the District Judge find defendant in civil contempt, and sanction defendant $500 a day until a representative of WSOG appears at the judgment debtor exam. *Id.* at 827.

**Motion To Withdraw**

As previously stated, the court denied without prejudice defense counsel's motion to withdraw. (#36). The court held that permitting counsel to withdraw would result in delay, as the court had several outstanding motions (#29, #30, and #33) before it, including one filed by defendant. *Id.* On February 2, 2012, the court granted in part and denied in part plaintiff's motion (#33) for judgment debtor exam. (#37). On April 16, 2012, the court issued an order (#39) granting in part and denying in part defendant's motion (#29) to amend/correct judgment, and an order (#40) granting plaintiff's application for attorney's fees and costs (#30). The only outstanding motion in this action is plaintiff's instant motion for order to show cause. (#38). During the hearing on April 20, 2012, defense counsel stated that he has not had contact with the defendant, and that it is his understanding that his contact at WSOG

is no longer affiliated with the corporation.

Based on counsel's representations in his motion to withdraw (#35) and during the hearing, and the fact that no delay would result, the court will permit defense counsel to withdraw. Local Rule IA 10-6(stating that "no withdrawal . . . shall be approved if delay of discovery, the trial or any hearing in the case would result."). As a condition precedent, counsel is ordered to provide WSOG with a copy of this order, and to notify WSOG of his withdrawal and the need to retain counsel. See *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993)(stating that a corporation is not permitted to appear in Federal Court unless it is represented by counsel.). Counsel shall file with the court a certification of his efforts to provide such information to WSOG, and shall include the last known contact information for WSOG.

As a corporation may not appear in Federal Court without counsel, and the court is permitting Mr. Hall to withdraw, defendant is ordered to retain counsel within fourteen (14) days from the entry of this court's order. Failure to retain counsel will result in further sanctions. See *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir.2007).

Accordingly, and for good cause shown,

IT IS ORDERED that Walter Rausch's Motion For Order To Show Cause Why Defendant Should Not Be Held In Contempt (#38) is GRANTED. The court hereby certifies the acts as discussed above constituting contempt have occurred pursuant to 28 U.S.C. §363(e)(6)(B)(ii) and (iii).

IT IS RECOMMENDED that the district judge impose a $2,000 criminal sanction against defendant for its failure to obey the court's order (#37), order plaintiff to schedule the judgment debtor exam to occur at The Lloyd D. George Courthouse in a courtroom to be determined at a date and time certain on or before May 10, 2012, and order the defendant to appear at the exam. The court also recommends that, if defendant fails to appear at the judgment debtor exam, the District Judge find defendant in civil contempt, and sanction defendant $500 a day until a representative of WSOG appears at the judgment debtor exam.

IT IS THEREFORE ORDERED that a hearing is scheduled for April 26, 2012, at 9:00 a.m. before District Judge Kent J. Dawson in Courtroom 6D at The Lloyd D. George Courthouse, 333 Las Vegas Blvd South, Las Vegas, NV 89101. The defendant is ordered to show cause at this hearing as to why the District Judge should not impose sanctions recommended by this court.

IT IS FURTHER ORDERED that defense counsel David Hall's Request To Withdraw As Counsel is GRANTED, conditioned upon his compliance with the court's directive above. Defendant shall retain counsel within fourteen (14) days from the entry of this order. Failure to retain counsel will result in further sanctions.

DATED this 20th day of April, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**